No. 23716.

Byron A. Anderson, Secretary of State of Colorado, and Earl H. Johnson $v$. Edward J. Mullaney, Jr., and the District Court of the City and County of Denver, and Honorable John Brooks, one of the Judges thereof.
(444 P.2d 878)

Decided September 5, 1968.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, John P. Moore, Assistant, for petitioner Byron A. Anderson, Secretary of State of Colorado.

Robert L. Harris, for petitioner Earl H. Johnson.

Creamer and Creamer, for respondent Edward J. Mullaney, Jr.

*En Banc.*

Mr. Justice Kelley delivered the opinion of the Court.

This proceeding arises under the election laws of the state relating to the nomination and designation of candidates by political parties *prior* to a primary election (C.R.S. 1963, chapter 49, articles 5-8).

The lawsuit involves the interpretation of C.R.S. 1963, 49-6-11, which in pertinent part reads:

"(1) Any vacancy in a party designation * * * by failure of the assembly to make designation of any candidate for nomination * * * may be filled by the respective party central committees of the district, county, or state, as the case may be, in which the vacancy in designation for nomination occurs. * * *"

In the trial court, Respondent Mullaney successfully challenged the right of Petitioner Johnson to have his name appear on the primary ballot as a candidate for nomination as a representative in State Representative District 18 in the City and County of Denver. On its own motion this court entered a stay of execution of the trial court's judgment, permitting the names of Mullaney

and Johnson to be placed on the primary ballot pending our determination.

The trial court found that a candidate for nomination at a party primary may be designated in one of three ways: by the representative assembly; by the central committee; or by petition. The court concluded that the party central committee could only act if a "vacancy" in fact existed and that Mullaney filled the only existing "vacancy" when he filed his petition. Therefore, since no vacancy existed, the designation of Johnson by the central committee was a futile and ineffective act.

Johnson and the Secretary of State, also a petitioner here, within the limited time provided by statute [1965 Perm. Supp., C.R.S. 1963, 49-18-4(3)], made application to this court for summary review (1965 Perm. Supp., C.R.S. 1963, 49-6-12) of the trial court's judgment. In the exercise of its discretion this court granted the application. The record in the trial court, the pleadings and briefs in this court are before us.

The facts essential to an understanding of the single issue here are brief and not in dispute.

The assembly of the Republican party, held May 26, 1968, for the purpose of designating candidates for nomination for the office of state representative, District 18, City and County of Denver, did not designate a candidate for that office. Consequently, a vacancy existed when the assembly adjourned.

On July 26, 1968, pursuant to C.R.S. 1963, 49-6-7, Mullaney filed in the office of Secretary of State a proper petition for placing his name on the Republican party primary election ballot for nomination as a state representative, District 18, City and County of Denver, Colorado.

On July 30, 1968, pursuant to C.R.S. 1963, 49-6-11, the vacancy committee of the Republican County Central Committee filed the requisite papers with the Secretary of State to designate Johnson as the candidate of the Republican County Assembly.

Thereafter Mullaney instituted these proceedings in the district court. The sole issue as framed in his complaint (paragraph 11) is in these words:

"That the plaintiff, by filing a petition for designation as a candidate for Representative in Representative District 18, at a time prior to the action by the party pursuant to 49-6-11, did, in effect, become the designated candidate of the Republican Party for Representative District 18, and there was, in fact, no vacancy to be filled within the meaning in purview of Section 46-6-11 (1) CRS, and that such an attempt to fill a non-existent vacancy is without authority and law."

The trial court, as we have noted, adopted Mullaney's construction of the pertinent statute and ordered the Secretary of State to strike Johnson's name as a designee for nomination as a Republican candidate for representative in District 18.

■ We disagree with the trial court. The "vacancy" statute, 49-6-11(1), must be construed in the light of 1965 Perm. Supp., C.R.S. 1963, articles 5 and 6. A review of these sections discloses a two-pronged statutory framework for the operation of political parties in the designation and nomination of candidates for county, state, and federal offices.

One prong provides for designation by the party assembly, which may designate as many as receive twenty percent or more of the delegate votes (1965 Perm. Supp., C.R.S. 1963, 49-6-4). It would be mathematically possible for the assembly to designate five candidates in this manner.

In addition, the other prong provides that any other party member desirous of the party's nomination at the primary election may become a candidate by filing a petition signed by the requisite number of the electors of his party residing within the district from which he seeks to be elected (1965 Perm. Supp., C.R.S. 1963, 49-6-7). It is permissible and possible for several candi-

dates for the party's nomination to be placed on the primary ballot by this procedure.

■ Provision is made for the political party, through its central committee, to fill vacancies prior to the primary election where candidates selected by the party assembly die or resign, or where there exists a vacancy by reason of the failure of the assembly to designate a candidate for nomination (C.R.S. 1963, 49-6-11).

■ There is no provision that a vacancy may be filled by a petition candidate. By the same token, the fact that several candidates have been designated by the party assembly does not preclude a petition candidate from having his petition accepted by the Secretary of State (or County Clerk, as the case may be) and his name listed as a candidate for his party's nomination on the primary ballot.

■ That the legislature contemplated both "assembly" candidates and "petition" candidates is further borne out by C.R.S. 1963, 49-6-9, which provides for the order in which the names of candidates designated by the assembly shall be placed on the primary ballot:
" * * * The candidate receiving the highest vote shall be placed first in order on the ballot, followed by the candidate receiving the next highest vote, and so on until all of the candidates designated have been placed on the ballot. *Candidates by petition * * * shall follow assembly candidates* and shall be placed on the primary election ballot in alphabetical order." (Emphasis added.)

■■ Without belaboring the matter, it is sufficient to say that based upon a careful study of the applicable statutes we hold that a "vacancy," within the meaning of that word as it is used in the statute, comes into being when, as here, a party assembly fails to designate *any* candidate for nomination to a particular office and such "vacancy" continues to exist until it is filled by the party central committee or the time for filling it expires by the terms of the statute. This being the case, under the applicable statute, the "vacancy" created by

the party assembly's failure to designate a candidate for nomination may be filled by the subsequent action of the appropriate party central committee, even though a candidate for party nomination has in the interim between the assembly and the action of the central committee been placed on the primary ballot by petition.

■ Mullaney further claims that Johnson, as a matter of law, declined the designation because he did not file a written acceptance within seven days after the filing of the designation by the vacancy committee. In this connection he relies on two sections of the statute. First, he relies on C.R.S. 1963, 49-6-4(3) which provides: "Each candidate designated by assembly shall file his written acceptance * * *." (Emphasis added.) This section has no applicability for the reason that Johnson was *not* designated by the party assembly.

Mullaney also relies on C.R.S. 1963, 49-6-11(3). However, this subsection relates to filling vacancies prior to general or special elections — not primaries — and consequently has no application.

As indicated, Johnson was not designated *by the assembly*. It would have been a simple matter for the legislature to have required the filing of an acceptance in all situations, but it did not see fit to do so.

■ The name of Earl H. Johnson is entitled to be placed on the ballot at the 1968 primary election as an "assembly candidate."

The Secretary of State accepted and approved the petition filed by Mullaney. No objections were filed as to the validity of his petition. Consequently, there is no issue in reference to his right to appear on the primary ballot and his name will appear thereon, as provided in 1965 Perm. Supp., C.R.S. 1963, 49-6-9.

This being a summary review under the statute, no petition for rehearing will be entertained.

The judgment is reversed.